UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARK FRIEDLICH,                                  :

                Plaintiff,            :        Civil Action No. 05 CV 6369 (GEL)

        - against -                      :

PRICEWATERHOUSECOOPERS LLP,        :
and CARRIE CLAY, in her individual and
official capacity,                               :

           Defendants.           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF PARTIAL MOTION TO DISMISS


WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700

Attorneys for Defendants

## TABLE OF CONTENTS

Table of Authorities .................................................................................................................. ii

Preliminary Statement................................................................................................................ 1

Statement of Facts...................................................................................................................... 3

    A.    The Parties ......................................................................................................3

    B.    Plaintiff's Employment with PwC..................................................................3

    C.    Plaintiff's Claims in this Action .....................................................................4

Argument .................................................................................................................................... 6

    I.    THE APPLICABLE STANDARD OF REVIEW ON A MOTION
        TO DISMISS .................................................................................................6

    II.    PLAINTIFF'S RETALIATION CLAIMS MUST BE DISMISSED ............................7

    III.    PLAINTIFF'S CLAIMS AGAINST PwC UNDER THE
        REHABILITATION ACT MUST BE DISMISSED....................................................9

    IV.    PLAINTIFF'S CLAIMS AGAINST CLAY UNDER THE ADA, THE
        REHABILITATION ACT AND THE ADEA MUST BE DISMISSED ...................11

    V.    PLAINTIFF'S TORTIOUS INTERFERENCE WITH CONTRACT
        CLAIM MUST BE DISMISSED ................................................................................12

    VI.    PLAINTIFF'S NEGLIGENCE CLAIMS MUST BE DISMISSED............................13

    VII.    PLAINTIFF'S BREACH OF CONTRACT CLAIM BASED ON PwC'S
        ALLEGED VIOLATION OF ITS ANTIDISCRIMINATION POLICIES
        MUST BE DISMISSED ................................................................................................14

Conclusion ................................................................................................................................ 15

i

## TABLE OF AUTHORITIES

### Cases

*American Preferred Prescription, Inc. v. Health Management, Inc.*,
    252 A.D.2d 414 (1st Dep't 1998) ...................................................................................12

*Baldwin v. LIJ North Shore Health System*,
    392 F. Supp. 2d 479 (E.D.N.Y. 2005) .......................................................................... 8-9

*Blaise-Williams v. Sumitomo Bank, Ltd.*,
    189 A.D.2d 584 (1st Dep't 1993) ...................................................................................14

*Blasio v. New York State Department of Correctional Services*,
    No. 04-CV-653S, 2005 WL 2133601 (W.D.N.Y. Aug. 31, 2005) ...................................10

*Burroughs v. Chase Manhattan Bank, N.A.*,
    No. 01 Civ. 1929 (BSJ), 2004 WL 350728 (S.D.N.Y. Feb. 25, 2004) ...............................8

*Cerrato v. Durham*,
    941 F. Supp. 388 (S.D.N.Y. 1996) .................................................................................11

*Conley v. Gibson*,
    355 U.S. 41 (1957) ...........................................................................................................6

*Cook v. Budget Rent-A-Car Corp.*,
    502 F. Supp. 494 (S.D.N.Y. 1980) .................................................................................10

*Duran v. Jamaica Hospital*,
    216 F. Supp. 2d 63 (E.D.N.Y. 2002) .............................................................................13

*Garone v. United Parcel Service, Inc.*,
    No. 00-CV-6722 (ILG), 2001 WL 984914 (E.D.N.Y. July 12, 2001) ................................8

*Grieve v. Barclays Capital Securities Ltd.*,
    No. 602820/1998, 1999 WL 1680654 ......................................................................12, 13

*Hanig v. Yorktown Central School District*,
    384 F. Supp. 2d 710 (S.D.N.Y. 2005) ..............................................................................8

*Healy v. AIG Technical Services, Inc.*,
    No. 00 Civ. 3419 (GBD), 2001 WL 336976 (S.D.N.Y. Jan. 10, 2001) .............................11

*Kendricks v. Westhab, Inc.,*
  163 F. Supp. 2d 263 (S.D.N.Y. 2001), *aff'd*, 40 Fed. Appx. 619 (2d Cir. 2002)................9

*Koret, Inc. v. Christian Dior, S.A.,*
  161 A.D.2d 156 (1st Dep't 1990) .....................................................................................13

*Kosson v. Algaze,*
  203 A.D.2d 112 (1st Dep't 1994), *aff'd*, 84 N.Y.2d 1019 (1995) .......................................13

*Menes v. City University of New York,*
  92 F. Supp. 2d 294 (S.D.N.Y. 2000)................................................................................11

*Murphy v. Board of Education,*
  273 F. Supp. 2d 292 (W.D.N.Y. 2003), *aff'd*, 106 Fed. Appx. 746 (2d Cir. 2004) .............8

*Odunmbaku v. New York Blood Center,*
  No. 95 Civ. 6747 (HB), 1996 WL 514867 (S.D.N.Y. Sept. 10, 1996).............................14

*Racker v. St. Bonaventure University,*
  No. 04-CV-00125C, 2005 WL 1522797 (W.D.N.Y. June 28, 2005) ..................................6

*Radin v. Albert Einstein College of Medicine,*
  No. 04 Civ. 704 (RPP), 2005 WL 1214281 (S.D.N.Y. May 20, 2005) .............................14

*Richardson v. Centercare, Inc.,*
  No. 02 Civ. 9212 (LAP), 2004 WL 2196784 (S.D.N.Y. Sept. 30, 2004)............................7

*Rosario v. Copacabana Night Club, Inc.,*
  No. 97 Civ. 2052 (KTD), 1998 WL 273110 (S.D.N.Y. May 28,1998)..............................14

*Ruiz v. E-J Electric Co.,*
  No. 04 Civ. 08900 (RJH), 2005 WL 3071276 (S.D.N.Y. Nov. 15, 2005) .........................6

*Satterfield v. United Parcel Service, Inc.,*
  No. 00 Civ. 7190 (MHD), 2003 WL 22251314 (S.D.N.Y. Sept. 30, 2003) .......................9

*Seres v. Liberty Chevrolet, Inc.,*
  No. 98 Civ. 5999 (RPP), 1999 WL 11779 (S.D.N.Y. Jan. 12, 1999)................................11

*Stordeur v. Computer Associates International. Inc.,*
  995 F. Supp. 94 (E.D.N.Y. 1998) ...................................................................................14

*Swierkiewicz v. Sorema, N.A.,*
  534 U.S. 506 (2002)...........................................................................................................6

*Thawley v. Turtell,*
    289 A.D.2d 169 (1st Dep't 2001) .......................................................................13

*Timothy v. Our Lady of Mercy Medical Center,*
    No. 03 Civ. 3556 (RCC), 2004 WL 503760 (S.D.N.Y. Mar. 12, 2004)............................6

*Tolliver v. Xerox Corp.,*
    918 F.2d 1052 (2d Cir. 1990), *cert. denied,* 499 U.S. 983 (1991).....................................10

*Tomka v. Seiler Corp.,*
    66 F.3d 1295 (2d Cir. 1995)..............................................................................11

*Torres v. Pisano,*
    116 F.3d 625 (2d Cir.), *cert. denied,* 522 U.S. 997 (1997)......................................... 13-14

*Torres v. U.S. Department of Veteran Affairs,*
    No. 02 Civ. 9601 (HBP), 2004 WL 691237 (S.D.N.Y. Mar. 31, 2004)............................11

*Weiner v. McGraw-Hill, Inc.,*
    57 N.Y.2d 458 (1982) ......................................................................................12

*Zephir v. Inemer,*
    305 A.D.2d 170 (1st Dep't 2003) .......................................................................12

## Statutes and Rules

Age Discrimination in Employment Act of 1967,
    29 U.S.C. §§ 621 *et seq*..................................................................................................5

Americans with Disabilities Act,
    42 U.S.C. §§ 12101 *et seq*.............................................................................................4

Federal Rule of Civil Procedure 12(b)(6) .................................................................................1, 6

New York City Human Rights Law,
    N.Y.C. Admin. Code Title 8 ..........................................................................................5

New York State Human Rights Law,
    N.Y. Exec. Law § 296.....................................................................................................5

New York Workers' Compensation Law,
    N.Y. Workers' Comp. Law § 11 ...................................................................................13

New York Workers' Compensation Law,
    N.Y. Workers' Comp. Law § 29 ...................................................................................13

Rehabilitation Act of 1973,
    29 U.S.C. § 794...........................................................................................................9, 10

Preliminary Statement

In his amended complaint (the "Amended Complaint" or "Cmplt."), plaintiff Mark Friedlich ("plaintiff"), a former employee of defendant PricewaterhouseCoopers LLP ("PwC" or "the Firm"), purports to assert fifteen separate claims against PwC and his former supervisor at the Firm, defendant Carrie Clay ("Clay"), based on PwC's termination of his employment following an internal audit that revealed numerous irregularities in plaintiff's PwC expense account submissions.  Even giving the Amended Complaint the benefit of every favorable inference, however, at least eleven of those claims are legally deficient, and defendants hereby move for their dismissal, with prejudice, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6).[1]

First, plaintiff's claims for retaliation under federal and state antidiscrimination laws should be dismissed because the Amended Complaint fails to allege that plaintiff suffered any adverse employment action as a result of his participation in any activity protected by those statutes.  Indeed, the only "protected activity" alleged in the Amended Complaint -- plaintiff's filing of a charge of age and disability discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") in January 2005 -- occurred more than six months *after* PwC's termination of his employment in June 2004, and therefore cannot have "caused" that termination, or any other adverse employment action the Amended Complaint may reasonably be read to allege.  Absent an allegation of causation, an essential element of a retaliation claim under each of those statutes, plaintiff's retaliation claims must be dismissed, as a matter of law. (*See* Point II, *infra*.)

---

[1]     As explained below, two additional claims are subject to dismissal as against Clay only.

Plaintiff's claims against PwC under Section 504 of the Rehabilitation Act of 1973 are also infirm, as the Amended Complaint fails to allege that PwC is an entity "receiving Federal financial assistance" so as to make it subject to liability under that section. (*See* Point III, *infra*.) Similarly, plaintiff's claims against Clay under the Rehabilitation Act, as well as under the Americans with Disabilities Act and the Age Discrimination in Employment Act, must also be dismissed, as it is well settled that there is no individual liability under any of those federal antidiscrimination statutes. (*See* Point IV, *infra*.)

Each of the common law claims asserted in the Amended Complaint is also subject to dismissal. Plaintiff's tortious interference with employment contract claim (asserted against Clay only) fails, first, because New York law does not recognize such a claim where (as here) the employment at issue was "at will." Further, because a tortious interference claim can only lie against a stranger to a contract, and because a fellow employee is deemed an "agent" of the contracting employer and thus not a stranger to his co-employee's contract of employment, plaintiff cannot assert such a claim against his former supervisor, Clay. (*See* Point V, *infra*.)

Plaintiff's claims sounding in negligence, including his claims for PwC's negligent supervision and retention of Clay, are barred by the exclusivity provisions of the New York Workers' Compensation Law. (*See* Point VI, *infra*.) And, because New York law is clear that antidiscrimination policies set forth in an employer's handbooks or manuals cannot serve as a basis for a breach of contract claim, plaintiff's attempt to assert just such a claim also must be rejected. (*See* Point VII, *infra*.)

In sum, the scattershot approach adopted by plaintiff in his Amended Complaint betrays a lack of substance common to each of his claims in this action, including those few that are not the subject of the instant motion. Accordingly, for the reasons set forth below, defendants

- 2 -

respectfully request that Counts Two, Four, Six, Eight and Ten (retaliation claims under various statutes), Counts Three and Four (Rehabilitation Act claims), and Counts Eleven through Fifteen inclusive (common law claims) of the Amended Complaint be dismissed in their entirety, with prejudice, and, further, that Counts One through Four, Nine and Ten (claims under the federal antidiscrimination statutes) be dismissed as against Clay, with prejudice.

Statement of Facts[2]

A.      The Parties

        According to the Amended Complaint, defendant PwC is a "foreign corporation" with offices in New York City (Cmplt., ¶ 7).  Defendant Clay is alleged to be a "supervisory employee" of the Firm, "plaintiff's boss" beginning in January 2004, and the individual "with control over the employment decisions made concerning plaintiff and the implementation of such decisions" (id., ¶¶ 8, 9).

        Plaintiff alleges that he is a fifty-six year old male, and a "disabled individual" with a "severe speech impediment (stutter)" (id., ¶¶ 10, 11).  In or about January 1997, plaintiff became an employee of Price Waterhouse LLP ("PW") (id., ¶ 12).  Upon the merger of PW with Coopers & Lybrand L.L.P. as of July 1, 1998, plaintiff became an employee of PwC (id.).  On or about June 9, 2004, PwC terminated plaintiff's employment (id., ¶ 29).

B.      Plaintiff's Employment with PwC

        In his Amended Complaint, plaintiff asserts that he was a "model PwC employee" who received "consistent" promotions and "outstanding" performance evaluations (Cmplt., ¶¶ 13-15). The Amended Complaint alleges that plaintiff's "employment relationship" with the Firm "began

---

[2]      The Statement of Facts is based on the allegations of the Amended Complaint, each of which is deemed true solely for purposes of the instant motion.  For the Court's convenience, a copy of the Amended Complaint is annexed to the accompanying Notice of Motion.

to deteriorate" in or about January 2004, when plaintiff first came into contact with and "began reporting to Clay, a different supervisor than he had reported to in the past" (*id.*, ¶¶ 16, 17). Without setting forth any supporting facts, the Amended Complaint purports to conclude that such deterioration occurred "as a result of Clay's discriminatory animus towards plaintiff on account of his speech impediment and age" (*id.*, ¶ 17).

The Amended Complaint further speculates that, "[t]o manufacture a basis to terminate plaintiff's employment with PwC, and as a pretext for plaintiff's termination, Clay singled plaintiff out from other PwC employees and caused a sudden, unexplained audit" of plaintiff's expense account reports for the period July 15, 2002 through March 15, 2004 (*id.*, ¶ 18). Following its review of the disturbing results of that audit, on or about June 9, 2004, PwC terminated plaintiff's employment (*id.*, ¶ 29).

In or about January 2005, plaintiff filed an administrative charge against PwC with the EEOC, alleging employment discrimination based on disability and age (*id.*, ¶ 31). In or about April 2005, the EEOC dismissed plaintiff's charge, and issued a Notice of Suit Rights (*id.*, ¶ 32).

C.    Plaintiff's Claims in this Action

On or about November 6, 2005, plaintiff filed his Amended Complaint in this action. The Amended Complaint purports to set forth no fewer than fifteen separate claims against PwC and Clay, under five different federal, state and municipal statutes, as well as various common law theories of recovery.

Count One of the Amended Complaint purports to assert a disability discrimination claim against defendants under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA") (Cmplt., ¶¶ 33-37). Count Two alleges that defendants "retaliated against plaintiff . . .

- 4 -

on the basis of him [*sic*] having complained of discrimination," also in violation of the ADA (*id.*, ¶¶ 38-40).

Counts Three and Four similarly purport to state claims for disability discrimination and retaliation, respectively, under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 704 ("Rehabilitation Act") (Cmplt., ¶¶ 41-47).

Counts Five and Six purport to set forth discrimination and retaliation claims under Section 296 of the New York State Human Rights Law,  N.Y. Exec. L. § 296 ("NYSHRL") (Cmplt., ¶¶ 48-53), while Counts Seven and Eight parrot those same claims under the New York City Human Rights Law, N.Y.C. Admin. Code Title 8 ("NYCHRL") (Cmplt., ¶¶ 54-59).

Count Nine of the Amended Complaint purports to set forth a claim of age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* ("ADEA") (Cmplt., ¶¶ 60-64).  And, Count Ten purports to assert a retaliation claim under the ADEA (*id.*, ¶¶ 65-67).

The Amended Complaint continues with Count Eleven, a common law claim asserted against Clay only, for tortious interference with plaintiff's alleged PwC employment contract (*id.*, ¶¶ 68-73).  In Count Twelve, plaintiff purports to assert a claim against both defendants sounding in negligence (*id.*, ¶¶ 74-76), while Counts Thirteen and Fourteen purport to state claims against PwC only, based on its alleged negligent supervision and retention of Clay (*id.*, ¶¶ 77-86). Finally, Count Fifteen purports to assert a claim for breach of contract against PwC based on its alleged breach of the antidiscrimination policies reflected in the Firm's employee handbooks and materials (*id.*, ¶¶ 87-91).

<u>Argument</u>

I.

THE APPLICABLE STANDARD
<u>OF REVIEW ON A MOTION TO DISMISS</u>

Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate where it is clear "that no relief could be granted under any set of facts that could be proved consistent with the allegations" of the complaint (*Ruiz v. E-J Electric Co.*, No. 04 Civ. 08900 (RJH), 2005 WL 3071276, *2 (S.D.N.Y. Nov. 15, 2005), citing *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002)). "While a court considering a motion to dismiss must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor, the court may properly dismiss the case 'if the plaintiff can prove no set of facts that would entitle him to relief'" (*Racker v. St. Bonaventure University*, No. 04-CV-00125C, 2005 WL 1522797, *2 (W.D.N.Y. June 28, 2005), citation omitted). "The test is 'the legal feasibility of the complaint'" (*id.*, citation omitted).

Even under the liberal pleading standard for discrimination claims announced by the Supreme Court in *Swierkiewicz*, a complaint must still afford a defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests" (534 U.S. at 512, quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts in this Circuit have consistently interpreted that standard not to "eviscerate Rule 12(b) and its proviso that a complaint should be dismissed when a plaintiff fails 'to state a claim upon which relief could be granted,'" but to require the plaintiff to "plead those facts which, if accepted as true, would entitle a litigant to legal relief" (*Racker*, 2005 WL 1522797, at *4, quoting *Timothy v. Our Lady of Mercy Medical Center*, No. 03 Civ. 3556 (RCC), 2004 WL 503760, *6 (S.D.N.Y. Mar. 12, 2004) (recognizing that, while "[t]here is

no doubt that 'discrimination is odious . . . a frivolous or malicious charge of such conduct . . . is at least equally obnoxious")).

Moreover, even in the wake of *Swierkiewicz*, a discrimination plaintiff "must do more than plead mere conclusory allegations or legal conclusions masquerading as factual conclusions" to avoid dismissal under Rule 12(b)(6) (*Richardson v. Centercare, Inc.*, No. 02 Civ. 9212 (LAP), 2004 WL 2196784, *1 (S.D.N.Y. Sept. 30, 2004)). Thus, notwithstanding the liberal pleading standard, "only 'well-pleaded' factual allegations will be taken as true," and "[b]aldly conclusory statements that fail to give notice of the basic events of which plaintiff complains need not be credited by the court" (*Ruiz*, 2005 WL 3071276, at *3, citation omitted).

Because, as set forth below, the Amended Complaint in this case fails to meet that standard with respect to the majority of the claims set forth therein, those claims should be dismissed.

II.

PLAINTIFF'S RETALIATION CLAIMS MUST BE DISMISSED

Although plaintiff purports to assert retaliation claims under the ADA (Count Two), the Rehabilitation Act (Count Four), the NYSHRL (Count Six), the NYCHRL (Count Eight) and the ADEA (Count Ten), the Amended Complaint cannot be read to allege that plaintiff suffered any adverse employment action as a result of his participation in any activity protected under those statutes. Accordingly, those claims must be dismissed.

To state a claim for retaliation under any of those antidiscrimination statutes, a plaintiff must show: (i) that he participated in a "protected activity" (*i.e.*, that he opposed any act or practice made unlawful by the statute, or made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under the statute); (ii) that defendant was

- 7 -

aware of the protected activity; (iii) that plaintiff suffered an adverse employment action; and,

(iv) that a causal connection exists between the protected activity and the adverse employment

action (*Hanig v. Yorktown Central School District*, 384 F. Supp. 2d 710, 724-25 (S.D.N.Y. 2005)

(granting defendant's motion to dismiss plaintiff's retaliation claims under ADA and NYSHRL

where plaintiff failed to allege facts sufficient to establish the third and fourth elements of a

*prima facie* case under those statutes); *Burroughs v. Chase Manhattan Bank, N.A.*, No. 01 Civ.

1929 (BSJ), 2004 WL 350728, *2 (S.D.N.Y. Feb. 25, 2004) (dismissing ADEA retaliation claim

for failure to allege all necessary elements); *Murphy v. Board of Education*, 273 F. Supp. 2d 292,

321-23 (W.D.N.Y. 2003), *aff'd*, 106 Fed. Appx. 746 (2d Cir. 2004) (recognizing that elements of

retaliation claims under Rehabilitation Act, ADA and NYSHRL are identical, and dismissing

said claims where complaint contained only "broad, generalized allegations" and "failed to

identify any particular protected activity as the basis for his retaliation claim," or to "single out

any particular alleged adverse action as retaliatory"); *Garone v. United Parcel Service, Inc.*, No.

00-CV-6722 (ILG), 2001 WL 984914, **3-4 (E.D.N.Y. July 12, 2001) (dismissing NYSHRL

and NYCHRL retaliation claims for failure to allege elements of claim)).

Even giving the Amended Complaint the benefit of every favorable inference, the only

protected activity alleged therein is plaintiff's filing of his EEOC charge in January 2005

(Cmplt., ¶ 31). And, any adverse employment actions that the Amended Complaint may be read

as alleging occurred, at the latest, on June 9, 2004, the date plaintiff's PwC employment was

terminated (*id.*, ¶ 29). Where, as here, the only protected activity "occurred *after* the plaintiff's

alleged mistreatment[,] . . . even the most liberal reading of the amended complaint fails to

support the inference that the plaintiff's . . . termination happened as a result of the plaintiff's

protected activity" (*Baldwin v. LIJ North Shore Health System*, 392 F. Supp. 2d 479, 484

(E.D.N.Y. 2005) (granting motion to dismiss retaliation claim); *see also Satterfield v. United Parcel Service, Inc.*, No. 00 Civ. 7190 (MHD), 2003 WL 22251314, *12 (S.D.N.Y. Sept. 30, 2003) (dismissing retaliation claim where plaintiff failed to show she engaged in statutorily protected activity before the alleged retaliatory conduct); *Kendricks v. Westhab, Inc.*, 163 F. Supp. 2d 263, 271 (S.D.N.Y. 2001), *aff'd*, 40 Fed. Appx. 619 (2d Cir. 2002) (granting motion to dismiss retaliation claim where alleged adverse employment action occurred before plaintiff engaged in protected activity of filing EEOC charge)).

Because, as a matter of law as well as of logic, the later event (*i.e.*, plaintiff's participation in the protected activity of filing an EEOC charge) cannot have "caused" the earlier event (*i.e.*, the adverse employment action of termination), the counts of the Amended Complaint accusing defendants of having wrongfully retaliated against plaintiff (*i.e.*, Counts Two, Four, Six, Eight and Ten) should be dismissed.

III.

PLAINTIFF'S CLAIMS AGAINST PwC UNDER
THE REHABILITATION ACT MUST BE DISMISSED

As PwC is not an entity subject to liability under Section 504 of the Rehabilitation Act, plaintiff's claims under that statute (Counts Three and Four of the Amended Complaint) must be dismissed as against PwC.

Section 504 of the Rehabilitation Act provides, in pertinent part, that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . ." (29 U.S.C. § 794(a)). That section further defines "program or activity" as including "an entire corporation, partnership or other private organization, or an entire sole proprietorship . . . if assistance is extended to such

corporation, partnership, private organization, or sole proprietorship as a whole . . ." (*id.*, § 794(b)(3)(A)(i)).

To state a claim under the Rehabilitation Act, a plaintiff must allege:  (i) that he is an individual with a disability; (ii) that he was "otherwise qualified" for the benefit sought or for participation in the program; (iii) that he was excluded from participation in, or denied the benefit of, the program or activity, or subjected to discrimination "solely by reason of" his disability; and, (iv) that the "program or activity receives federal financial assistance" (*Blasio v. New York State Department of Correctional Services*, No. 04-CV-653S, 2005 WL 2133601, *4 (W.D.N.Y. Aug. 31, 2005), citations omitted).  Because, in this case, the Amended Complaint is devoid of any allegation even suggesting that PwC is an entity that "receives federal financial assistance," it fails to state a claim against PwC under the Rehabilitation Act.

Even assuming *arguendo* that the Amended Complaint contained an allegation that PwC is a party to federal "procurement contracts" -- defined as "contracts in which goods or services are sold or purchased by the government for its own account at fair market value" -- that alleged fact still would not bring PwC within the ambit of Section 504 of the Rehabilitation Act (*see, e.g., Tolliver v. Xerox Corp.*, 918 F.2d 1052, 1060 (2d Cir. 1990), *cert. denied*, 499 U.S. 983 (1991) (affirming district court's dismissal of Rehabilitation Act claim, "since [defendant's] receipt of Army procurement contracts does not render the company a 'program or activity receiving federal financial assistance' within the meaning of the Act"); *Cook v. Budget Rent-A-Car Corp.*, 502 F. Supp. 494 (S.D.N.Y. 1980) (discussing at length, and rejecting, plaintiff's contention that federal contractors may be held subject to prohibitions of Section 504)).

Accordingly, Counts Three and Four of the Amended Complaint, alleging discrimination and retaliation under the Rehabilitation Act, should be dismissed as against PwC.

IV.

## PLAINTIFF'S CLAIMS AGAINST CLAY UNDER THE ADA, THE REHABILITATION ACT AND THE ADEA MUST BE DISMISSED

Because there is no individual liability under the ADA, the Rehabilitation Act or the ADEA, plaintiff's claims against Clay under those statutes must also be dismissed.

It is settled law that "[e]mployees, including supervisors, are not subject to suit under . . . the Rehabilitation Act or the ADEA" (*Torres v. U.S. Department of Veteran Affairs*, No. 02 Civ. 9601 (HBP), 2004 WL 691237, *2 (S.D.N.Y. Mar. 31, 2004) (granting motion to dismiss), citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1314 (2d Cir. 1995)). The same holds true for claims brought under the ADA (*Healy v. AIG Technical Services, Inc.*, No. 00 Civ. 3419 (GBD), 2001 WL 336976, *1 (S.D.N.Y. Jan. 10, 2001) (granting supervisors' motion to dismiss, concluding that "Congress did not intend to allow plaintiffs to bring an action against supervisory or managerial employees in their individual capacities" under the ADA); *Cerrato v. Durham*, 941 F. Supp. 388, 394-95 (S.D.N.Y. 1996) (no individual liability under ADA)).

Nor is it of any moment that plaintiff purports to bring the instant action against his former supervisor Clay "in [both] her individual and official capacity" (Cmplt. at 1), since individuals are not subject to suit in either capacity, under any of those statutes (*Menes v. City University of New York*, 92 F. Supp. 2d 294 (S.D.N.Y. 2000) (dismissing ADA and Rehabilitation Act claims against individual defendants "in both their individual and official capacities"); *Seres v. Liberty Chevrolet, Inc.*, No. 98 Civ. 5999 (RPP), 1999 WL 11779, *1 (S.D.N.Y. Jan. 12, 1999) (granting motion to dismiss ADA and ADEA claims against individual defendant, holding that "there is nothing to show that Congress intended to permit suits against individuals in their official capacity")).

- 11 -

Accordingly, Counts One and Two (ADA), Three and Four (Rehabilitation Act), and Nine and Ten (ADEA) of the Amended Complaint must be dismissed as against Clay, as a matter of law.

V.

PLAINTIFF'S TORTIOUS INTERFERENCE
<u>WITH CONTRACT CLAIM MUST BE DISMISSED</u>

Plaintiff's tortious interference with contract claim against his former supervisor Clay (Count Eleven) fails for two reasons:  first, subject to limited exceptions not implicated by the factual allegations of the Amended Complaint, New York law does not recognize a claim for tortious interference with an "at will" employment arrangement; and, second, an employee may not bring a claim against a former co-employee for tortious interference with his employment contract.

"Absent an agreement of fixed duration, an employment relationship is deemed to be at will" (*Grieve v. Barclays Capital Securities Ltd.*, No. 602820/1998, 1999 WL 1680654, *3 (Sup. Ct. N.Y. Co. Sept. 10, 1999), citing *Weiner v. McGraw-Hill, Inc.*, 57 N.Y.2d 458, 460, 465-66 (1982)).  And, New York law is clear that "a claim for tortious interference will not lie where the contract allegedly interfered with is an at will employment contract" (*id.* at *5, citing *American Preferred Prescription, Inc. v. Health Management, Inc.*, 252 A.D.2d 414 (1st Dep't 1998)).

Here, the Amended Complaint may be searched in vain for any allegation that plaintiff's PwC employment was other than "at will."  Accordingly, plaintiff's claim based on Clay's alleged tortious interference with his employment contract cannot stand (*see Zephir v. Inemer*, 305 A.D.2d 170 (1st Dep't 2003) ("[p]laintiff's causes of action for tortious interference . . . were properly dismissed absent allegations sufficient to show that her employment was for a definite period or otherwise not at will")).

- 12 -

Secondly, it is well settled that a tortious interference claim may only be asserted against a stranger to a contract, such as a third party (*see Koret, Inc. v. Christian Dior, S.A.*, 161 A.D.2d 156, 157 (1st Dep't 1990)), and, further, that a claim for tortious interference with employment may not be asserted against the contracting employer, or its agents (*see Kosson v. Algaze*, 203 A.D.2d 112, 113 (1st Dep't 1994), *aff'd*, 84 N.Y.2d 1019 (1995); *Grieve*, 1999 WL 1680654, at *5). Because the Amended Complaint avers that Clay was plaintiff's supervisor and a fellow PwC employee (Cmplt., ¶¶ 8, 9), plaintiff's tortious interference claim against Clay must be dismissed (*see Thawley v. Turtell*, 289 A.D.2d 169, 169-70 (1st Dep't 2001), citations omitted (granting motion to dismiss)).

VI.

## PLAINTIFF'S NEGLIGENCE CLAIMS MUST BE DISMISSED

Counts Twelve, Thirteen and Fourteen of the Amended Complaint -- alleging negligence against both defendants, and PwC's negligent supervision and retention of Clay -- are barred by the exclusivity provisions of the New York Workers' Compensation Law, and must be dismissed.

Section 11 of the New York Workers' Compensation Law provides, *inter alia*, that an employer's negligence liability under the statute "shall be exclusive and in place of any other liability" (N.Y. Work. Comp. Law § 11). Similarly, Section 29(6) of that statute provides, in pertinent part, that "[t]he right to compensation or benefits under this chapter shall be the exclusive remedy to an employee . . . when such employee is injured . . . by the negligence or wrong of another in the same employ" (*id.*, § 29(6)). Courts have "consistently interpreted" these exclusivity provisions "to bar negligence claims brought in federal court by an employee against an employer" (*Duran v. Jamaica Hospital*, 216 F. Supp. 2d 63, 66 (E.D.N.Y. 2002)), including claims for negligent retention and supervision of a co-employee (*see, e.g., Torres v.*

*Pisano*, 116 F.3d 625, 640 (2d Cir.), *cert. denied*, 522 U.S. 997 (1997) (affirming dismissal of

negligent failure to supervise claim); *Rosario v. Copacabana Night Club, Inc.*, No. 97 Civ. 2052

(KTD), 1998 WL 273110, *8 (S.D.N.Y. May 28,1998) (granting motion to dismiss claims of

negligent hiring, retention and supervision); *Stordeur v. Computer Associates International, Inc.*,

995 F. Supp. 94, 102-103 (E.D.N.Y. 1998) (same)).

In view of the foregoing, Counts Twelve, Thirteen and Fourteen of the Amended

Complaint must be dismissed.

VII.

PLAINTIFF'S BREACH OF CONTRACT CLAIM
BASED ON PwC'S ALLEGED VIOLATION OF ITS
ANTIDISCRIMINATION POLICIES MUST BE DISMISSED

Finally, plaintiff's attempt, in Count Fifteen of the Amended Complaint, to assert a

breach of contract claim against PwC based on its alleged breach of the antidiscrimination

policies reflected in its employee manuals, is unavailing.

Courts have routinely held that employment manuals and handbooks "cannot be read

to create a contract right," and, further, that "a general statement of equal opportunity and

nondiscrimination contained in an employee handbook . . . is nothing more than a statement of

existing law concerning discrimination and may not serve as the basis for a breach of contract

claim" (*Odunmbaku v. New York Blood Center*, No. 95 Civ. 6747 (HB), 1996 WL 514867, *3

(S.D.N.Y. Sept. 10, 1996), citing *Blaise-Williams v. Sumitomo Bank, Ltd.*, 189 A.D.2d 584, 586

(1st Dep't 1993); *see also Radin v. Albert Einstein College of Medicine*, No. 04 Civ. 704 (RPP),

2005 WL 1214281, *11 (S.D.N.Y. May 20, 2005) (granting motion to dismiss contract claims

based on defendant's alleged breach of its own antidiscrimination policies, holding that "broad

pronouncements of [defendant's] compliance with existing antidiscrimination laws . . . cannot form the basis for a breach of contract claim")).

Accordingly, Count Fifteen of the Amended Complaint should be dismissed for failure to state a claim.

Conclusion

For the reasons set forth above, defendants respectfully request that the Court issue an Order:  (i) dismissing with prejudice the retaliation claims (Counts Two, Four, Six, Eight and Ten of the Amended Complaint), against both defendants; (ii) dismissing with prejudice the Rehabilitation Act claims (Counts Three and Four), against PwC; (iii) dismissing with prejudice the claims under the ADA, Rehabilitation Act and ADEA (Counts One through Four, Nine and Ten), against Clay; (iv) dismissing with prejudice the common law claims (Counts Eleven through Fifteen inclusive), against both defendants; and, (v) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      January 6, 2005

                Respectfully submitted,

                WINSTON & STRAWN LLP

                By: _____
                    Stephen L. Sheinfeld (SS-3585)
                200 Park Avenue
                New York, New York 10166
                (212) 294-6700

                Attorneys for Defendants

Of Counsel:

      William M. Sunkel

- 15 -